IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CLARENCE D. JOHNSON, | |
| Plaintiff, | No. C20-0107-LTS |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| DUKE UNIVERSITY HOSPITAL, et al., | |
| Defendants. | |

This matter is before me pursuant to plaintiff Clarence Johnson's pro se motion to proceed in forma pauperis (Doc. 1), pro se complaint (Doc. 1-1) and pro se motion to appoint counsel (Doc. 2).

## I. MOTION TO PROCEED INFORMA PAUPERIS

The filing fee for a civil suit is $402.[1] *See* 28 U.S.C. § 1914(a) (requiring filing fee). For a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1).[2] Johnson, who is not incarcerated,

---

[1] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52. . .")

[2] Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006), citing *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

filled out the standard form for applying to proceed in forma pauperis and states he has no assets and no income. His motion to proceed in forma pauperis (Doc. 1) is **granted**.

## II. INITIAL REVIEW STANDARD

Courts must liberally construe pro se complaints. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). When a court allows a prisoner to proceed in forma pauperis, there is clear statutory authorization to conduct an "initial review" to see whether the claim is viable. 28 U.S.C. § 1915A. Neither § 1915 nor § 1915A explicitly authorizes the court to conduct an initial review in non-prisoner cases. *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1023 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). However, § 1915 states that a court may dismiss, at any time, an in forma pauperis case that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment.. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Benter v. Iowa, Dep't of Transp.*, 221 Fed. App'x 471 (8th Cir. 2007) (unpublished). Many courts, including this court, rely on § 1915(e)(2) to dismiss, preservice, in forma pauperis complaints that clearly fail to state a claim.

Thus, in forma pauperis complaints must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under Section 1915(e)(2), courts generally rely on the standards articulated under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2)). An action fails to state a claim upon which relief can be granted if it does

2

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Section 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *see id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. ANALYSIS

#### A. Standards

##### 1. 42 U.S.C. § 1983

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those

3

created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    *Plaintiff's Claim*

Johnson's complaint is incomprehensible nonsense interspersed with names of notable individuals. It does not contain a "short and plain statement of the claim" under Federal Rule of Civil Procedure 8(a)(2). As such, it will be dismissed as frivolous.

Additionally, while this appears to be Johnson's first case filed in this district, he is a frequent filer of frivolous cases in other courts. *See Johnson v. U.S. Judges*, No. CIV.A. 14-11273-DPW, 2014 WL 3109962 (D. Mass. July 7, 2014) (noting eleven prior frivolous cases filed by Johnson and threatening him with sanctions if he continued to file frivolous cases in that district). Since that case, Johnson has continued to clog the dockets of federal courts with time-wasting, ridiculous filings. *See Johnson v. Foley*, No. 2:21-CV-269-RAH-KFP, 2021 WL 2324510, at *1 (M.D. Ala. Apr. 27, 2021), report and recommendation adopted, No. 2:21-CV-269-RAH-KFP, 2021 WL 2323294 (M.D. Ala. June 7, 2021) (dismissing a complaint identical to this one); *Johnson v. Byers*, No. 321CV00076MMDWGC, 2021 WL 1647921, at *1 (D. Nev. Apr. 27, 2021) (same); *Johnson v. Kilbert*, No. C21-593RSM, 2021 WL 3552386, at *1 (W.D. Wash. June 21, 2021) (dismissing Johnson's case because "[t]here are no coherent citations to law or references to facts. The opaque references to various public figures throughout the filings indicate this case is frivolous on its face.").

Johnson is put on notice that if he files another case in this district that is found to be frivolous, or files additional frivolous motions in this case, he will face serious

4

Case 1:20-cv-00107-LTS-MAR    Document 4    Filed 09/24/21    Page 4 of 6

sanctions, which could include monetary sanctions and restrictions on his ability to file new cases in this district.³

## IV. CONCLUSION

For the reasons set forth herein:

1. Johnson's motion to proceed in forma pauperis (Doc. 1) is **granted**.
2. The Clerk's office is directed to file the complaint (Doc. 1-1) without the payment of fees.
3. After an initial review, I find that Johnson has failed to state a claim upon which relief can be granted and that his complaint is frivolous. As such, the complaint (Doc. 1-1) is **denied** and this case is **dismissed**.
4. Johnson's motion to appoint counsel (Doc. 2) is **denied** as moot.

---

³ I have both inherent and statutory authority to impose such sanctions:

> A district court possess inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *accord Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002); *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir.1998); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993); *Gillette Foods Inc. v. Bayernwald–Fruchteverwertung, GmbH*, 977 F.2d 809, 813–14 (3d Cir. 1992). I also note that Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions on attorneys and parties who bring repeated frivolous lawsuits. *See Yan Zhang v. Equity Props. Trust*, 313 Fed. App'x 926, 927 (8th Cir.2009); *Stilley v. James*, 48 Fed. App'x 595, 597 (8th Cir.2002).

*Urban v. Sells*, No. C14-4025-MWB, 2014 WL 3809977, at *13 (N.D. Iowa Aug. 1, 2014).

**IT IS SO ORDERED.**

**DATED** this 24th day of September, 2021.

_____
Leonard T. Strand, Chief Judge

6